1  Pamela Chyba
2  c/o:7734 Madrilena Way
   Carlsbad, California 92009



FILED
JUL 11 2012
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY              DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

PAMELA CHYBA
Plaintiff,

vs.

PROGRESSIVE MANAGEMANT SYSTEMS, AKA "PMS"
Defendant

Case No. 12CV1723 MMA BLM 

PLAINTIFF'S JUDICIAL NOTICE/COGNIZANCE WITH CLAIM OF RIGHTS

Date: 7/9/2012

## JUDICIAL NOTICE/COGNIZANCE WITH CLAIM OF RIGHTS

Plaintiff, in accordance Federal Rules of Evidence, Rule 201 (in conjunction with the Supremacy Clause of the constitution for the united States of America) and any other applicable authority unknown to Plaintiff, hereby NOTICES the Court to take **JUDICIAL NOTICE** of the following facts and law:

**JUDICIAL COGNIZANCE**: "Judicial notice or knowledge upon which a judge is bound to act without having it proved in evidence. See Judicial notice." (***Black's Law Dictionary***, 7th Edition, page 760.

**JUDICIAL NOTICE**: "... The cognizance of certain facts which judges and jurors may properly take and act upon without proof, because they already know them. Such notice excuses party having burden of establishing fact from necessity of producing formal proof." (***Black's Law Dictionary,*** 7th Edition, page 761).

See also, Federal Evidence Rule 201, which Plaintiff moves the Court to also take JUDICIAL NOTICE pursuant to said rule.

All parties and officers of the court are hereby placed on NOTICE under authority of the supremacy, due process and equal protection clauses of the United States Constitution and the common law authorities of *Hughes v. Rowe*, 449 U.S. 5 (1980); *Haines v. Kerner*, 404 U.S. 519 (1972); *Platsky v. C.I.A.* 953 F.2d. 26 (2nd Cir. 1991); *Anastasoff v. United States,* 223 F.3d 898 (8th Cir. 2000); and *Trinsey v. Pagliaro*, 229 F. Supp. 647, 649 (D.C. Pa. 1964) and similar cases noted herein.

*Rowe* and *Haines* collectively states that courts <u>must not</u> hold *pro se* litigants to the same standards as a lawyer of the bar regarding procedure, etc.; that courts are to "liberally construe" *pro se* litigant's submissions and to make "reasonable allowances" due to their lack of legal training.

Accordingly to the cases of Rowe, if there are any defects in the Plaintiff's moving papers, the Plaintiff, (hereinafter referred to as the "Undersigned"), respectfully requests that the Court interpret said defects and render a proper and just decision, or point out the

defects for correction and grant permission and provide sufficient time to re-file said paperwork rather than penalizing my motion for procedure or other errors due to the Undersigned's lack of legal training.

In *Platsky*: a court errs if the court dismisses the *pro se* litigant without instruction of how pleadings are deficient and how to repair pleadings.

Regarding *Anastasoff*: The Undersigned hereby invokes the powers and protections of *Anastasoff*, Part II and Part III of the decision especially, wherein it speaks to the historical underpinnings of the Doctrine of Precedence. Litigants' constitutional rights are violated when courts depart from precedent where parties are similarly situated. All litigants have a right to have their claims adjudicated according the rule of precedent.

**COPYRIGHT NOTICE**: The Undersigned quoted citations "as purported in" context to copyrighted case law, statutes, rules of court and court decision material as found in books published with Federal or State funding supplied by the Citizens of the united States of America and intended for use by attorneys, and does so under the provisions of the Fair Use clause of the copyright laws of the United States (*see* 17 USC § 107).

**PLEASE TAKE NOTICE: An attorney cannot testify or authenticate evidence for its client**: An attorney's affirmation or testimony generally cannot advance substantive proof. Moreover, counsel for Defendant cannot testify or plea for its client[1] nor can counsel

---

[1] It is well established that statements of counsel of alleged facts are not sufficient to establish facts or evidence in the case for its client. See *Trinsey v. Pagliaro*, 229 F. Supp. 647, 649 (D.C. Pa. 1964) ("The defendants' motion to dismiss for failure to state a claim unsupported by affidavits or depositions is incomplete because it requests this Court to consider facts outside the record which have not been presented in the form required by Rules 12(b) (6) and 56(c). *Statements of counsel in their briefs or argument while enlightening to the Court are not sufficient for purposes of granting a motion to dismiss or summary*

authenticate any document in this case regarding the alleged Contract since counsel has no personal knowledge of any alleged transaction in this matter. See, e.g., *Key Bank of Me. v. Lisi*, 225 AD2d 669, 669 (2d Dept 1996) ("affirmation of . . . attorney who had no personal knowledge of the facts . . . did not constitute proof in admissible form and it [is] without evidentiary value")).

The Court must strike any alleged fact advanced by Defendant's counsel that is not supported by an affidavit or other authenticated document(s) from Defendant or by Defendant's corporate representative that is a competent fact witness with personal knowledge of the claims, facts and documents (to authenticate) employed by Defendant in this matter. *See* Federal Evidence Rule §§ 901, 902.

**FOR THE RECORD:** the Undersigned hereby ISSUES a continual objection to any purported evidence proffered by counsel for Defendant, whether in writing or in open court, that does not come from a valid document/evidence authenticated by a competent fact witness with personal knowledge of an event, document or other evidence. This is a standing and ongoing objection for any future hearings, if necessary.

---

judgment." [emphasis added]); see also, *Loomis, In re*, 587 N.W.2d 427, 438 (S.D., 1998) ("Attorneys cannot testify on behalf of their clients"); *Estes v. Millea*, 464 N.W.2d 616, 619 (S.D. 1990) ("[A]n attorney cannot testify on behalf of his client [citations omitted]. Further, the communication with the circuit court was not in the form of an affidavit nor under oath. It was merely argument in a trial brief. *This is clearly not evidence* and, thus, Williams' interrogatory answer stands uncontradicted. ..." [emphasis added]); *Amos v. Cohen*, 2004-Ohio-1265, ¶7 ("Because the roles of advocate and witness are inconsistent, it is generally inappropriate for a trial attorney to testify on behalf of the client"). Statements of counsel are not evidence. *Exeter Bank Corporation, Inc. v. Kemper Securities Group, Inc.*, 58 F.3d 1306, 1312 n.5 (8th Cir. 1995); *British Airways Bd. v. Boeing Co.*, 585 F.2d 946, 952 (9th Cir. 1978), cert. denied, 440 U.S. 981 (1979).

The Undersigned hereby claims all of her rights at all times and waives none of them at any time for any cause or reason.

The Undersigned expressively disavows all waivers of any rights that were not made upon previous actual notice in the matters at hand.

That any verified declarations made by the Undersigned under oath are admissible into the *evidence record in this matter and shall only be refuted by a rebuttal affidavit,* verified declarations *or by testimony in court under oath by Defendant or its representative with personal knowledge of the matters.*

The Undersigned hereby claims and invokes the powers, protections and benefits of the Statute of Frauds, especially where it speaks to the fact that in order to sue and receive a judgment, a claim of debt MUST BE PROVEN. The only way to prove the existence of a debt is by evidence, in open court on the record, through the testimony, under oath, of a competent fact witness with firsthand knowledge and subject to cross examination.

The Undersigned dispels and disavows any and all adverse **presumptions** in this matter.

The Undersigned does not waive any rights. All Rights Are Reserved/Retained Without Prejudice, known and unknown.

The Undersigned hereby claims the Due Process right to have Findings of Fact and Conclusion of Law included and in support of any Order of this Court denying this motion. The United States Supreme Court in *Federal Maritime Commission v. South Carolina States Ports Authority,* 535 U.S. 743 (2002) has held, "The parties are entitled to know the findings and conclusions on all of the issues of fact, law, or discretion presented on the record" (citing *Butz v. Economou,* 438 U.S. 478 [1978]).

Judicial Notice is appropriate for information obtained from governmental websites. *Paralyzed Veterans of Am. v. McPherson*, 2008 U.S. Dist. LEXIS 69542, 17-18 (court took judicial notice if information appearing on and printed from official government website. and also see *Fontenot v. Wells Fargo Bank N.A.*, 198 Cal App. 4th 256, 264 (2011) "The official act of recordation and common use of a notary public in the execution of such documents assure their reliability, and the maintenance of the documents in the recorder's office makes their existence and text capable of ready confirmation, thereby placing such documents beyond reasonable dispute." Additionally, *Intri-Plex Technologies, Inc. v. Crest Group, Inc.*, 499 F. 3d 1048, 1052 (9th Cir 2007) (judicially noticing pleadings, orders, and other papers on file in other actions).

_____
Pamela Chyba Affiant/Plaintiff